UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| GEFT OUTDOOR, L.L.C. | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:15-cv-01568-SEB-MJD |
| | ) | |
| CONSOLIDATED CITY OF INDIANAPOLIS AND COUNTY OF MARION, INDIANA, DEPARTMENT OF METROPOLITAN DEVELOPMENT, DEPARTMENT OF CODE ENFORCEMENT, AND METROPOLITAN BOARD OF ZONING APPEALS, DIVISION 1, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**STIPULATED FINAL JUDGMENT AND ORDER FOR PERMANENT INJUNCTION**

Plaintiff, GEFT OUTDOOR, L.L.C. ("GEFT") filed its Second Amended Complaint for Damages, Declaratory Relief, and Permanent Injunction, and Petition for Judicial Review ("Complaint") against Defendants Consolidated City of Indianapolis and County of Marion, Indiana; the Department of Metropolitan Development, Department of Code Enforcement, and Metropolitan Board of Zoning Appeals, Division 1 (collectively, the "City"), pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 2201 ("Lawsuit"). GEFT and the City stipulate to entry of this Stipulated Final Judgment and Order for Permanent Injunction to resolve all matters in dispute in this Lawsuit and to avoid the uncertainty and expense of further litigation.

**NOW THEREFORE**, GEFT and the City, having requested the Court to enter this Order, and the Court having considered the agreements reached by the parties as set forth in this Order, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

## FINDINGS

1.  GEFT is a domestic limited liability company organized and existing under the laws of the State of Indiana and has a principal place of business in the City of Indianapolis, Marion County, State of Indiana.

2.  The City is a consolidated city, organized and existing under the laws of and within the State of Indiana, and is authorized to sue and be sued.

3.  GEFT is in the business of buying or leasing land upon which to construct, maintain, and/or operate signs.

4.  GEFT holds a valid leasehold interest in a sign located at 700 West Morris Street, Indianapolis, Indiana 46225, also known as Local Parcel # 1090263 ("South Sign").  The South Sign is governed by variance petition 97-V2-49, granted by the Board of Zoning Appeals ("BZA") on June 10, 1997 ("South Variance").  GEFT desires to display on-premises signs, off-premises commercial signs, and noncommercial opinion signs on the South Sign but has been prevented from doing so by the City's enforcement of the South Variance and/or the Old Sign Ordinance.[1]

5.  GEFT holds a valid leasehold interest in real property located at 4305 West Morris Street, Indianapolis, Indiana 46241, also known as Local Parcel # 9042890, also known as State Parcel # 49-11-17-111-021.000-900 ("West Property").  GEFT owns, maintains, and operates a properly permitted outdoor advertising sign upon its leasehold interest in the West Property ("West Sign").

---

[1]   The term "Old Sign Ordinance" shall mean Indianapolis Municipal Code §§ 734-100 through 734-701, effective through November 30, 2015.  The term "New Sign Ordinance" shall mean Indianapolis Municipal Code §§ 734-100 through 734-701, as amended effective December 1, 2015.

6. GEFT holds a valid leasehold interest in real property located at 5780 East 25th Street, Indianapolis, Indiana 46218, also known as Local Parcel # 7005589, also known as State Parcel # 49-07-27-123-031.000-701 ("East Property"). GEFT owns, maintains, and operates an outdoor advertising sign upon its leasehold interest in the East Property ("East Sign," and together with the West Sign, the "GEFT East/West Signs").

7. GEFT desires to display digital content on the GEFT East/West Signs, but was prevented from doing so based, in part, on the City's enforcement of the Old Sign Ordinance.

8. GEFT possesses valid state permits for digital advertising on the GEFT East/West Signs.

9. On July 28, 2015, GEFT filed petition 2015-DV1-048 for a variance, under the Old Sign Ordinance, of development standards with the City, seeking permission to install an LED component and display digital content on the West Sign ("West Variance").

10. Also on July 28, 2015, GEFT filed petition 2015-DV1-047 for a variance, under the Old Sign Ordinance, of development standards with the City, seeking permission to install an LED component and display digital content on the East Sign ("East Variance") (The West Variance and East Variance shall be collectively referred to as, the "Variances").

11. On November 5, 2015, the City denied the Variances, and on December 1, 2015, the City issued findings in support of the denial of the Variances. The City's denial of the Variances was based on the provisions of the Old Sign Ordinance.

12. GEFT commenced this action pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 2201 seeking injunctive relief, declaratory relief, compensatory damages, as well as costs and attorneys' fees, alleging that the Old Sign Ordinance and New Sign Ordinance were

unconstitutional, both facially and as applied to GEFT. GEFT also appealed the denial of the Variances, pursuant to Ind. Code § 36-7-4-1600, *et seq*.

13. The Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§1331, 1343(a)(3), and 1367, the First Amendment and Fourteenth Amendment of the United States Constitution, and Article I, §§ 9 and 23 of the Indiana Constitution.

14. On May 20, 2016, this Court entered an order on GEFT's request for preliminary injunction ("PI Order") in which it held, in part, that the Old Sign Ordinance violated the First Amendment. (Doc. 113, p. 22). Based on that finding, this Court voided the entire Old Sign Ordinance. (*Id.*). As a result, this Court stated "[t]he City is liable to GEFT for whatever monetary damages GEFT is able to prove that resulted from the impact the [Old Sign Ordinance] had on it." (*Id.*). This Court upheld the constitutionality of the New Sign Ordinance. (*Id.*, p. 31).

15. GEFT has appealed the PI Order. That appeal is currently pending before the Seventh Circuit Court of Appeals ("Appeal").

16. GEFT claims that it has been damaged as a result of the City's enforcement of the Old Sign Ordinance as applied to GEFT. The City disputes whether GEFT can prove any damages and whether GEFT has standing to pursue the damages that GEFT seeks. The City likely will appeal any ruling on GEFT's damages.

17. GEFT agrees to abandon its claim for damages and attorneys' fees under 42 U.S.C. § 1983.

18. In order to avoid the expense and uncertainty of further litigation, and in light of the Court's ruling regarding the Old Sign Ordinance, GEFT and the City agree, based on and consistent with the terms set forth herein, that GEFT shall have the right to display digital

content on the GEFT East/West Signs and shall have the right to display on-premises, off-premises, and noncommercial opinion signs on the South Sign.

19. The City and GEFT waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## ORDER AND FINAL JUDGMENT

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

20. GEFT applied for the Variances under the Old Sign Ordinance, and the BZA denied those applications. GEFT timely sought judicial review of that decision under I.C. § 36-7-4-1605. This Court has held that the Old Sign Ordinance violated the First Amendment (Doc. 113, p. 22). As a result, the decision of the BZA to deny the Variances was contrary to a constitutional right, power, privilege, or immunity and/or was entered in excess of the City's statutory jurisdiction and/or authority. *See* I.C. § 36-7-4-1614(d)(3) & (4).

21. Because GEFT had valid state permits when the Variances were denied, GEFT was prejudiced by the unlawful denial.

22. Accordingly, the Court enters judgment in favor of GEFT and against the City on Counts 11 and 12 of its Second Amended Complaint. Pursuant to I.C. § 36-7-4-1615, the Court orders the City to issue the appropriate permits, subject to GEFT's payment of the ordinary permit fees, allowing GEFT to convert the GEFT East/West Signs to digital consistent with this Order (the, "Permits").[2]

---

[2] All of GEFT's other causes of action and claims for relief, except Counts 11 and 12, are denied as moot.

23. Based on the foregoing, GEFT may, on entry of this Order, convert each face of the GEFT East/West Signs from a static face to a Digital Face[3] based on the following conditions/limitations/commitments:

   a. GEFT shall bear any expense relating to the conversion of the faces of the GEFT East/West Signs from static faces to Digital Faces;

   b. The East and West Signs' physical structures, not their Digital Faces, must include welcome language (*e.g.*, "Welcome to Indianapolis") and other decorative elements in the form attached hereto as Exhibit 1. In order to accommodate the decorative elements, GEFT is allowed to add up to seven (7) feet to the respective heights of the GEFT East and West Signs;

   c. Each Digital Face will be programmed to display only static advertisements on digital display slots, and those static advertisements shall not display any copy or message that moves, appears to move, or flashes;

   d. Transition time between digital display slots shall be no more than two (2) seconds;

   e. The display period for each digital display slot shall be no less than eight (8) seconds;

   f. Each Digital Face shall contain a default design that will freeze the sign in a dark or blank position if a malfunction occurs;

   g. Independent safeguards will be installed on each Digital Face to monitor and limit the brightness level of the sign as follows:

---

[3] The term "Digital Face" includes the display faces of a digital billboard and requisite hardware located on a digital billboard that is required to operate the digital billboard.

      i. Each Digital Face will have an operating onboard photocell and will have at least one (1) backup onboard photocell;

      ii. Each Digital Face shall have two independent safeguards to monitor the proper brightness levels of the Digital Face;

      iii. The brightness level for each Digital Face shall not operate over 8,000 nits during daytime operation; and

      iv. The brightness level for each Digital Face shall be calibrated for less than 0.30 foot candles over nighttime ambient light as measured at a distance appropriate for the Digital Face's square footage, which likely will be a distance of one hundred fifty (150) feet (this distance will be determined after the conversion to digital, and GEFT shall provide the distance to the City and the exact foot candle calibration once determined), but in no instance shall the light level measured at any right-of-way exceed 2.0 foot candles;

h. Goodwill advertising for the City shall be displayed on any unused digital display slots. The content of this advertising will be provided by one or more organizations promoting Indianapolis (*e.g.*, Visit Indy or similar organizations), and GEFT will display such advertising at no cost;

i. No advertisement shall be placed on a Digital Face that advertises tobacco, is lewd or lascivious in nature, or that contains profanity;

j. Each Digital Face shall provide feeds, if available, for Amber Alerts, FBI Alerts, Severe Weather Warnings, and other Emergency Notifications. The feeds shall be provided based on information received via RSS subscriptions (Amber Alerts

and Weather Warnings) or received from the Outdoor Advertising Association of America, or directly from verified law enforcement sources (FBI Alerts and other Emergency Notifications);

k. To the extent any issues regarding the operation of the GEFT East/West Signs are not covered in this Order, GEFT's operation of those signs shall be consistent with GEFT's State of Indiana digital permits for those locations;

l. GEFT may upgrade the Digital Faces consistent with technological changes as long as those upgrades do not change the fundamental use of the GEFT East/West Signs in a manner inconsistent with this Order or the Marion County ordinances as they may be amended from time to time; provided, however, that nothing herein excuses GEFT's obligations under paragraphs 23(b), (h), (i), (j), or the brightness restrictions above;

m. Three (3) business days prior to actual construction of the sign, the Division of Planning of the Department of Metropolitan Development and the Division of Construction Services of the Department of Business and Neighborhood Services shall be notified when construction of the sign will actually begin. Representatives of those departments shall be allowed on-site at any time during those three (3) business days to take benchmark brightness-level readings that are consistent with the operations brightness-levels set forth above; and

n. GEFT, on behalf of itself and its permitted successors and assigns, hereby disclaims and releases any right to assert a takings claim or any other claim that is inconsistent with the Settlement Agreement entered into between the Parties on January 6, 2017.

24. Based on the foregoing, GEFT may, on entry of this Order, and based on the following conditions/limitations/commitments, have the right to display static, non-digital (a) on-premises, (b) off-premises commercial, and (c) non-commercial speech on the South Sign. GEFT must comply with all other requirements imposed by variance on the South Sign. In addition, no advertisement shall be placed on the South Sign that advertises tobacco, is lewd or lascivious in nature, or that contains profanity. GEFT, on behalf of itself and its permitted successors and assigns, hereby disclaims any right to assert a takings claim that is inconsistent with the Settlement Agreement entered into between the Parties on January 6, 2017.

25. The City is permanently enjoined from enforcing the New Sign Ordinance and/or any other law or variance (including the South Variance) in a manner inconsistent with the permitted uses set forth in paragraphs 23 and 24 of this Order; provided, however, that nothing in this Order shall preclude the City from exercising its police powers in the future. Except as may be limited by the Settlement Agreement entered into between the Parties on January 6, 2017, GEFT, by stipulating to the matters contained herein, does not waive any takings claim that it may have based on the City's future exercise of its police powers and nothing herein limits those rights.

26. GEFT's right to convert the GEFT East/West Signs to digital is expressly limited to its claims for judicial review in Counts 11 and 12 of the Second Amended Complaint and the facts relevant to those claims. The right to convert the GEFT East/West Signs to digital does not extend to any other person or entity other than GEFT's successors or assigns and is specifically limited to those two signs for which GEFT sought the denied Variances and timely sought judicial review.

27. Except as provided in this Order (specifically paragraphs 23 and 24 herein), GEFT's use of the GEFT East/West Signs and use of the South Sign shall be consistent with Marion County ordinances as they may be amended from time to time, state and federal law, the state and local permits or variances governing the GEFT East/West Signs, and the South Variance; provided, however, that GEFT may upgrade the GEFT East/West Signs and the South Sign consistent with technological changes as long as those upgrades do not change the fundamental use of the GEFT East/West Signs and South Sign in a manner inconsistent with this Order or the Marion County ordinances as they may be amended from time to time; provided, however, that nothing herein excuses GEFT's obligations under paragraphs 23(b), (h), (i), or (j). In addition, to the extent that there is any conflict between the Permits and any previous local permits or variances governing the GEFT East/West Signs, the Permits control.

28. This Order shall be binding upon and shall inure to the benefit of the parties and their permitted successors and assigns. Nothing herein restricts GEFT's ability to assign or transfer the rights and obligations set forth in this Order or the Permits to a third party, as long as the assignee, transferee or successor agrees to be bound by this Order and agrees to bind any of its assignees, transferees, or successors to this Order.

29. On entry of this Order, the Appeal shall become moot. The parties shall file a stipulation of dismissal with the Seventh Circuit Court of Appeals within ten (10) days of the issuance of the Permits.

30. This Court retains jurisdiction of this Lawsuit for the purposes of construction, modification, and enforcement of this Order and any related agreements. Violations of this Order by the Parties hereto or their permitted successors and assigns may result in the Parties hereto or their permitted successors and assigns being held in contempt of court. This Order may

only be modified, absent good cause shown, by agreement of GEFT (or its permitted successors and assigns) and the City and upon joint application to this Court to modify the Order.

**SO ORDERED**.

Date: 1/10/2017

*[signature]*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

**SO STIPULATED AND AGREED:**

Date: January 9, 2017

 *s/ A. Richard M. Blaiklock*
A. RICHARD M. BLAIKLOCK, #20031-49
CHARLES R. WHYBREW, #21148-49
*Counsel for GEFT Outdoor, L.L.C.*

LEWIS WAGNER, LLP
501 Indiana Avenue, Suite 200
Indianapolis, IN 46202-6150
Phone: 317-237-0500
Fax:    317-630-2790
Email: rblaiklock@lewiswagner.com
           cwhybrew@lewiswagner.com

Date: January 9, 2017

 *s/ Donald Morgan* (with permission)
Donald Morgan, No. 30776-49
Daniel Bowman, No. 31691-49
Office of Corporation Counsel
City of Indianapolis
200 East Washington Street, Room 1601
Indianapolis, Indiana  46204
Phone: 317-327-4055
Fax: 317-327-3968
Email: daniel.bowman@indy.gov

Counsel for Defendants

<u>Exhibit 1</u>



